**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ilia Charov; David Wynn Miller, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Homecomings Financial Company; ) <br> GMAC Mortgage; Mortgage Electronic ) <br> Registration Systems Incorporated, ) <br> ) <br> Defendants. ) <br> ) | No. CV-11-0385-PHX-LOA <br><br> **ORDER** |

*Pro se* Plaintiffs commenced this lawsuit on February 28, 2011. (Doc. 1) That same day, the case was randomly assigned to Magistrate Judge Lawrence O. Anderson. (Doc. 2) On March 2, 2011, Judge Anderson issued a Notice of Assignment and Order, directing Plaintiffs to submit on or before March 11, 2011: (1) their written elections to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a United States district judge, and file (2) a First Amended Complaint in compliance with Rule 8(a), Fed.R.Civ.P., and LRCiv.7.1.

As explained in detail in Judge Anderson's March 2, 2011 order, the First Amended Complaint must contain a short and plain statement of Plaintiffs' factual and legal allegations that establish a "plausible claim" against each Defendant, consistent with *Twombly* and *Iqbal*; specify the District Court's jurisdictional basis; and clarify their federal and state statute(s), if any, upon which Plaintiffs are relying to support their claim(s).

1    "It is well established that '[d]istrict courts have inherent power to control
2 their docket.'" *Ready Transportation, Inc., v. AAR Manufacturing, Inc.*,627 F.3d 402, 404
3 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d
4 1071, 1074 (9th Cir. 1998) (alteration in original) (quoting *Hernandez v. City of El
5 Monte*, 138 F.3d 393, 398 (9th Cir. 1998)). "This includes the power to strike items from
6 the docket as a sanction for litigation conduct." *Id*. (citing, among others, *Lazy Y Ranch
7 Ltd. v. Behrens*, 546 F.3d 580, 586-87, 588 (9th Cir. 2008) (discussing, but declining to
8 rule on, the ability of a district court to strike documents submitted as exhibits to a
9 motion); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc*., 397 F.3d 1217, 1224-26
10 (9th Cir. 2005) (upholding a district court's grant of a motion to strike deposition
11 corrections and a declaration as a sanction when a party had violated Fed.R.Civ.P. 30(e)).

12    A district court's inherent power also permits it to dismiss an entire action
13 to rein in abusive conduct. *Atchison*, 146 F.3d at 1074 (recognizing inherent power to
14 dismiss an action to sanction abusive conduct such as judge-shopping or failure to
15 prosecute). This inherent power, however, "must be exercised with restraint and
16 discretion. A primary aspect of that discretion is the ability to fashion an appropriate
17 sanction for conduct which abuses the judicial process." *Ready Transp., Inc*., 627 F.3d at
18 404-405 (citing *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 830 (9th Cir.
19 1986) (*per curiam*) (requiring a district court to weigh, among other factors, "the
20 availability of less drastic sanctions" before resorting to dismissal as a sanction).

21    In his March 16, 2011 Order to Show Cause, doc. 5, Judge Anderson
22 forewarned Plaintiffs that, pursuant to Rule 41(b), Fed. R. Civ. P., and *Ferdik v.
23 Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), trial courts have the inherent power to
24 control their dockets and, in the exercise of that power, may impose sanctions including,
25 where appropriate, dismissal of a case with or without prejudice. *See also*, *Flaksa v. Little
26 River Marine Constr. Co.*, 389 F.2d 885, 887, 887 (5th Cir. 1968) (citing cases);
27 *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 (1991) (district court may "fashion
28 appropriate sanction for conduct" including "outright dismissal."). "The threat of

- 2 -

1  sanctions promotes compliance with a court's orders even if the sanctions threatened are
2  never imposed." *Green v. Lisa Frank, Inc*., 221 Ariz. 138, 152, 211 P.3d 16, 30
3  (Az.Ct.App. 2009) (concluding the trial court did not abuse its discretion in striking
4  plaintiff's reply, dismissing his cross-claim, and entering judgment in favor of defendant)
5  (collecting federal and state cases of dismissals for failure to comply with court orders).

6        A district court's inherent authority to sanction parties for failing to comply
7  with its orders exists, in part, to prevent "'disobedience [of] the orders of the Judiciary,
8  regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers*,
9  501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787,
10 798 (1987)). "Dismissal of the complaint for failure to comply with the rules [is] within
11 the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841
12 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187,
13 188 (2nd Cir. 1943)); *Anheuser-Busch, Inc. v. Natural Beverage Distribs*., 69 F.3d 337,
14 348 (9th Cir. 1995) (The public interest "in expeditious resolution of litigation," a court's
15 need to manage docket, risk of prejudice to party seeking sanctions, public policy
16 favoring disposition on the merits, availability of lesser sanctions, bad faith of violating
17 party, relationship between conduct and merits justify sanction); *Poulis v. State Farm*
18 *Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (personal responsibility of party,
19 prejudice to other party, history of dilatory conduct, willfulness or bad faith, other
20 sanctions, merits of claim or defense).

21       The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq*.,
22 mandates the early and on-going judicial management of the pretrial process. Under the
23 CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement
24 techniques and strategies designed to dispose of cases in an efficient and inexpensive
25 manner." *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D.
26 420, 423 (D. Del. 1992). Additionally, federal judges "are subject to the injunction of
27 Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the just,
28 *speedy* and *inexpensive* determination of every action.'" *Herbert v. Lando*, 441 U.S. 153,

1  177, (1979) (emphasis in original).   Plaintiffs' failures to timely comply with Judge
2  Anderson's March 2 and 16,  2011 orders are frustrating the speedy and inexpensive
3  resolution of this case.

4  In determining whether to dismiss a case for failure to comply with court
5  orders, district courts weigh five factors: (1) the public interest; (2) the court's need to
6  manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy
7  favoring disposition of cases on their merits; and (5) the availability of less drastic
8  alternatives. *Ferdik*, 963 F.2d at 1260-61.  Plaintiffs' failures to comply with court orders
9  are frustrating the Court's responsibilities mandated by Rule 1, FED.R.CIV.P.,and the
10 Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.*, such as, "setting early, firm
11 trial dates, such that the trial is scheduled to occur to occur *within eighteen months* after
12 the filing of the complaint. . . ." 28 U.S.C. § 473(a)(2) (emphasis added). Plaintiffs' *pro se*
13 status does not discharge their obligation to "abide by the rules of the court in which
14 [they] litigate[]." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th
15 Cir. 1986).

16 After considering the adequacy of lesser sanctions, Plaintiffs have been
17 forewarned that sanctions may be imposed, Plaintiffs' lawsuit in CV-11-0007-PHX-LOA
18 was dismissed for similar failures, and weighing all five *Ferdik* factors to determine if
19 dismissal is appropriate due to Plaintiffs' failure to comply with prior court orders, the
20 Court, concludes that dismissal of Plaintiffs' Complaint *without prejudice* is appropriate
21 and just under the circumstances of this case.

22 Pursuant to General Order 11-3 (Dismissal of a Civil Case Assigned to a
23 United States Magistrate Judge Absent Voluntary Consent by the Parties Under 28 U.S.C.
24 § 636(c)(1)),

25 **IT IS ORDERED** that Plaintiffs' Complaint is hereby dismissed without
26 prejudice. The Clerk is kindly directed to terminate this case.

27 **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Case
28 with Prejudice is **DENIED** as moot.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED this 30th day of March, 2011.

_____
Stephen M. McNamee
United States District Judge